```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

WELLS FARGO BANK, NATIONAL
ASSOCIATION, SUCCESSOR BY MERGER TO
WELLS FARGO BANK MINNESOTA, NATIONAL        MEMORANDUM & ORDER
ASSOCATION, AS TRUSTEE,                     24-cv-6099 (EK)(CLP)

                    Plaintiff,

          -against-

RAMKARRAN RAMSUNDER, et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Pollak's Report and Recommendation (R&R) dated July 24, 2025. ECF No. 31. The plaintiff here is a single entity with a long name: Wells Fargo Bank, National Association, Successor by Merger to Wells Fargo Bank Minnesota, National Association, as Trustee F/K/A Norwest Bank Minnesota, National Association, as Trustee for Renaissance HEL Trust 2004-1 ("Wells Fargo"). Compl. at 1, ECF No. 1. Judge Pollak recommends that the Court deny Wells Fargo's motion for default judgment and dismiss the case, without prejudice, for lack of subject matter jurisdiction. She also recommends giving Wells Fargo thirty days to file an amended complaint that properly invokes this Court's jurisdiction.

### I. Background

Judge Pollak concluded that the Court lacks subject matter jurisdiction because plaintiff did not sufficiently allege its citizenship. *See* R&R 7-12. Wells Fargo alleges only that it "is a citizen of the State of South Dakota." Compl. ¶ 2. Judge Pollak held this was insufficient because (1) a bank's citizenship turns on its location, which was not alleged here and (2) Wells Fargo sued as trustee, but did not allege that it was the real party in interest, such that its citizenship (rather than the trust beneficiaries) is considered. *See* R&R 7-12.

Objections to the R&R were due on August 7. Wells Fargo missed that deadline. One day later, it filed a letter. ECF No. 33. Though the letter is framed as an objection, it does not identify any error that Judge Pollak made. *Id.* at 1-2. Instead, plaintiff attaches two documents that purportedly cure the jurisdictional defects. Plaintiff has now provided the Certificate of Corporate Existence for Wells Fargo to show its citizenship, *id.* at 2, 5, and the "Pooling and Servicing Agreement" to show why the trust is the real party in interest, *id.* at 2, 7-107.

### II. Discussion

The Court agrees that Wells Fargo's initial allegation of its citizenship was insufficient. *See, e.g.*, *Dawn D'Aguilar,*

2

*v. US Bank Trust Na, Lsf9 Master Participation Trust*, No. 24-CV-4498, 2024 WL 3850349, at *4 (S.D.N.Y. Aug. 6, 2024) ("To establish the citizenship of a national bank, a plaintiff must plead facts about what state is listed in its articles of association as its main office.").[1]

Plaintiff's supplemental documentation does not cure the defect. First, Plaintiff's objection is untimely, which generally waives review of the R&R for anything other than clear error. *See, e.g.*, *Garra v. Metro-N. Commuter R.R.*, No. 17-CV-1293, 2021 WL 1172354, at *1 (S.D.N.Y. Mar. 29, 2021); *Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp.*, No. 11-CV-3652, 2014 WL 883893, at *4 (E.D.N.Y. Mar. 6, 2014).

Regardless, the documents submitted by plaintiff do not establish Wells Fargo's citizenship. Federally chartered banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this as meaning a federal bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006). "A national bank, on formation, must designate, in its organization certificate and articles of association, the place where its operations of discount and

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

deposit are to be carried on.  The place so designated serves as the bank's 'main office.'"  *Id.* at 307 n.1.  Wells Fargo did not provide either its organization certificate or its articles of association.  Instead, Wells Fargo argues the "Certificate of Corporate Existence, . . . specifically references 'Wells Fargo Bank, National Association,' Sioux Falls, South Dakota."  ECF No. 33 at 2; *see id.* at 4.  But this reference to Sioux Falls reveals nothing clearly about the location of the bank's main office.[2]  This deprives the Court of subject matter jurisdiction.

### III. Conclusion

The motion for default judgment is denied, and this case is dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff will have thirty days to file an amended complaint that adequately alleges jurisdiction.  If plaintiff fails to do so, the Clerk of Court will be directed to terminate this case.  If plaintiff does file an amended complaint, the defendants must answer within twenty-one days, as specified in

---

[2] Because this defect was not cured, the Court need not consider whether the new submissions establish that Wells Fargo was the real party in interest.  As noted in the R&R, this will need to be alleged in any amended complaint.  R&R 10-12.

4

Federal Rule of Civil Procedure 12(a).  If defendants fail to do so, the plaintiff may renew its motion for default judgment.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     September 19, 2025
          Brooklyn, New York